IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REGINA MONTROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:05-CV-257 |
| ) | (Phillips/Shirley) |
| HARRIMAN CARE AND REHABILITATION ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The plaintiff initiated the instant lawsuit against her former employer alleging that she was discharged from employment in violation of her rights under the Family Medical Leave Act ("FMLA"), codified at 29 U.S.C. §2601, *et al.* The defendant has filed a motion for summary judgment [Doc. 15] claiming that the plaintiff has failed to sustain an allegation in her complaint regarding an essential element of the claims against the defendant. For the reasons that follow, defendant's motion [Doc. 15] is **DENIED**.

I.  **Summary of the Facts**

As the law requires, all disputed facts and inferences are resolved most favorably for the plaintiff. The Court merely provides an abridged summary of facts for the purposes

1

of this opinion.

The plaintiff, Regina Montross ("Montross"), was employed with HQM of Harriman, LLC, d/b/a Harriman Care & Rehabilitation Center ("HQM")[1] as a Licensed Practical Nurse ("LPN") from October 25, 2001 until March 11, 2005. During the first week of March 2005, plaintiff claims that she was suffering from bronchitis. Plaintiff took an absence due to the illness on March 8, 2005. The next day, on the 9th, before the plaintiff began her shift, plaintiff called and informed Rachel Walker ("Walker"), the scheduling coordinator, that she needed to take her mother to the doctor and would not be able to work. Walker then informed plaintiff that she needed to meet with Cassie Matheson ("Matheson"), the director of nursing, and Sam Justus ("Justus), the HQM administrator, before taking another shift. Instead of going to the doctor, the plaintiff took her mother to the emergency room, where the plaintiff's mother was admitted with respiratory failure and sepsis, and placed on a ventilator. Plaintiff's mother stayed at the hospital for over fourteen days.

The plaintiff called Walker again on the 9th, after plaintiff's mother was admitted to the hospital, to inform Walker of her mother's serious health condition. During this second conversation with Walker, plaintiff informed Walker that she did not know when she would be returning to work. Plaintiff made a third call to HQM on the 9th and spoke with Matheson. During the conversation, plaintiff relayed that her mother was seriously ill. Later that evening on the 9th, Becky Sweeten ("Sweeten"), a fellow LNP at HQM, told Walker that

---

[1] HQM is an employer covered by the FMLA.

plaintiff's mother was seriously ill and that plaintiff had taken her mother to the hospital. In addition to these conversations, plaintiff had spoken with Wendy Wilson ("Wilson"), the human resource director for HQM, regarding her sick mother, FMLA leave, and a meeting with HQM personnel scheduled for Monday, March 14th. During the phone conversations with employees at HQM, no one offered FMLA leave to the plaintiff. Additionally, plaintiff argues that, from her conversations with Walker and Wilson, she believed she was off work until she met with Justus and Matheson on Monday, March 14th, to discuss her absenteeism.[2]

Defendant disputes these facts stating that plaintiff only spoke with Walker once on March 9th at approximately 1:00 p.m. Defendant states that plaintiff told Walker that she was taking her mother to the doctor. Defendant asserts that plaintiff did not inform Walker that her mother was suffering from a "serious health condition," and, in fact, did not inform Walker that she was taking her mother to the hospital. Defendant argues that Walker told plaintiff that she was being taken off the schedule for Thursday, March 10th, because Justus and Matheson wanted to meet with plaintiff on Friday, March 11th at 1:00 p.m. before she worked a shift that day. Defendant asserts that plaintiff agreed to meet with Justus and Matheson and also work the Friday shift. Defendant states that plaintiff was a "no show" for the meeting and the scheduled Friday work shift. Thus, the defendant determined that

---

[2]Plaintiff does admit in her deposition testimony that her absenteeism record was "pretty bad."

3

the plaintiff would be discharged from employment at HQM.[3]

At the Monday meeting, defendant told plaintiff that she was deemed to have "voluntarily resigned." Therefore, her employment at HQM was terminated, and she was given her separation papers. Although defendant disputes the fact, plaintiff asserts that during the meeting she did present her mother's emergency room bill showing her mother was admitted with a serious health condition.

According to Wilson, it is a responsibility of Matheson, or any other manager in the facility, to discern whether an absence is an FMLA qualifying event. Plaintiff asserts that once the FMLA event is recognized, it would then be reported to Wilson so that she can provide the employee with proper paperwork to be taken to the doctor.

## II.   Law Applicable to Rule 56 of the Federal Rules of Civil Procedure

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving

---

[3]Pursuant to the employee handbook, "employees who fail to call in or report to work as scheduled, no call/no show, unless medically incapacitated will be considered to have voluntarily resigned." According to Justus's deposition testimony, plaintiff's employment was terminated for her "no show" on March 11th, not for prior absenteeism or tardiness.

4

party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir.1996).

### III. Motion for Summary Judgment and Applicable Law

Defendant states that plaintiff makes one lone allegation in her complaint to satisfy the notice element of an FMLA claim: that on March 9, 2005 plaintiff informed HQM employees Matheson and Walker of her need for FMLA leave. Defendant argues that the plaintiff expressly disavowed this material allegation in her deposition testimony by testifying that she never mentioned the need for FMLA leave to either Matheson or Walker. In doing so, defendant asserts that plaintiff unquestionably negated an essential element of her claim.

5

Defendant does not, at this juncture, challenge the sufficiency of the notice; rather, defendant's argument is that the complaint fails to state an accurate and truthful allegation to suffice for the notice element as needed for plaintiff's cause of action.[4] Defendant cites no case law to support its assertion that a technically inaccurate and/or incomplete allegation in a complaint warrants dismissal of the plaintiff's cause of action. Additionally, defendant does not cite any case law to support its argument that leave to amend the complaint should not be granted.

The complaint must simply give the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 and 512, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002) (internal citations omitted). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 507 (citations omitted). A complaint must state either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). This means that if an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir. 1991). Plaintiff's complaint states that she informed HQM employees, Matheson and Walker, of her need for FMLA leave. Technically, this is incomplete information. Plaintiff appears in fact to be asserting

---

[4]In plaintiff's response, plaintiff addresses the sufficiency of the notice, rather than the allegation in the complaint regarding notice. In defendant's reply, defendant states that plaintiff, by arguing only to the sufficiency of the notice, misunderstood the basis of its summary judgment motion and that defendant only is attacking the complaint as failing to state a claim.

6

that since she advised Matheson and Walker that her mother had a serious medical condition and that she was attending to her mother at the hospital, she informed HQM of a FMLA event which triggers the FMLA. The Court finds that the allegations in the complaint, taken in the light most favorable to the plaintiff, are sufficiently plead to support a FMLA claim. The sufficiency and the credibility of the claims are to be tested at trial. *See U.S. Sec. Associates, Inc. v. Wade,* No. 05-CV-73931 - DT 2006 WL 1107295, at * 4 (E.D.Mich. April 25, 2006).

Further, even if defendant's allegation of deficient pleading had merit, it may be cured by an amended compliant. *See Sinay*, 948 F.2d at 1041042. Thus, dismissal of the plaintiff's compliant is not appropriate.

### IV. Conclusion

For the reasons hereinabove set forth, defendant's motion for summary judgment [Doc. 15] is **DENIED in its entirety**. Parties are directed to prepare for trial.

**IT IS SO ORDERED.**

                                            **ENTER:**

                                            s/Thomas W. Phillips
                                            UNITED STATES DISTRICT JUDGE

7

Case 3:05-cv-00257   Document 21   Filed 09/05/06   Page 7 of 7   PageID #: 13